IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE DINWIDDIE, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 08-689-GPM |
| JOHN EVANS, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On October 1, 2008, Steve Dinwiddie filed a petition for writ of habeas corpus. Dinwiddie is confined in the Big Muddy River Correctional Center under the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/0.01 *et seq*. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 on the grounds the State did not make a sufficient showing to justify his indefinite civil commitment. Dinwiddie was granted leave to proceed as a pauper, and Respondent was ordered to answer the petition (*see* Doc. 5).

On May 20, 2009, Respondent filed a motion to dismiss the petition for lack of jurisdiction (Doc. 13). Respondent argues that this is Dinwiddie's third petition for writ of habeas corpus challenging his 1998 conviction. Pursuant to 28 U.S.C. § 2254(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication in the record that Dinwiddie has obtained permission from the United States Court of Appeals for the Seventh Circuit to maintain the instant petition. Thus, just

as Chief Judge Herndon concluded when dismissing Dinwiddie's second petition for writ of habeas corpus, *see Dinwiddie v. Evans*, Cause No. 08-458-DRH (Doc. 5, July 9, 2008), this Court lacks authority to grant any relief to Dinwiddie.

Moreover, the Court notes that Dinwiddie's response to the motion to dismiss was due on June 22, 2009. Nothing was filed. Pursuant to Southern District of Illinois Local Rule 7.1(c), "[f]ailure to timely file an answering brief to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The Court exercises its discretion and **GRANTS** the motion to dismiss. This action is **DISMISSED** without prejudice for lack of jurisdiction. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED: 6/30/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge